J. SHELBY WILLIAMS *vs.* JAS. WHITWORTH, Adm'r., & others.

April Term, 1873.

SURETY—NOTES FOR LAND.—M. bought land at a public sale, the notice stating that the terms of sale were on a certain credit, the purchaser to give notes with good security, and " a lien retained" on the land for their payment; complainant became surety on M's. notes, not having been at the sale, seen the advertisement, or had an interview with the vendor, and, on the same day, the land bought by M. was, at his request, conveyed to a third person by deed reciting the execution of the notes, but retaining no lien. M. paid two of the purchase notes, and judgment was recovered against the complainant on the last note. *Held*, in the absence of evidence of any other contract than that shown by the deed and notes, that the complainant was entitled to no relief, and his bill was dismissed with costs.

*Andrew Allison*, for complainant.

*J. D. Wade*, for defendants.

THE CHANCELLOR.—On the 10th day of June, 1859, the defendant R. C. K. Martin bought, at a public sale made by Dr. D. T. McGavock, the intestate of defendant Whitworth, a lot of ground, for the purchase-money of which he executed his three notes of that date, at one, two and three years, payable to and endorsed by complainant as accommodation endorser. The sale was made under a published advertisement in which it was stated that the terms of sale were : " A credit of one, two, and three years for notes, payable in bank, satisfactorily secured, bearing interest, *and a lien retained.*" The complainant endorsed the notes at the request of defendant Martin, without, so far as the proof shows, having been present at the sale, seen the advertisement, or had an interview with McGavock. The deed to the land thus bought was, at the request of Martin, made to R. C. McNairy & Co., who are not parties to the suit, in satisfaction of the indebtedness of Martin to that firm. This deed bears date the said 10th day of June, 1859, and was duly proved and registered. It recites on its face that the purchase-money was paid by the three notes as aforesaid, but does not retain a lien for their payment. Martin paid the first two of these notes and part of the third. McGavock died, and Whitworth as his administrator sued Martin and

complainant on said last note in the Circuit Court of Davidson county, in which case complainant appeared by attorney and filed pleas of *nil debit* and payment. At the September term, 1868, judgment was rendered against the defendant Martin and complainant, on which execution issued to Davidson county and was returned *nulla bona*. An *alias fi. fa.* issued to Sumner county and was levied upon the personal property of complainant, who gave a delivery bond therefor. Afterwards upon the sheriff giving notice of sale of such property, this bill was filed against Whitworth, administrator, and Martin, on the 24th of March, 1869, enjoining the collection of the judgment.

The ground of equity relied on for relief by the bill is that the complainant was only an accommodation endorser on said notes, which fact was known to McGavock and Martin, and that "it was furthermore understood and agreed between all of them (McGavock, Martin and complainant) that the first note was to be paid by accounts due defendant Martin from said McGavock for medical attention, * * that the two remaining notes should be secured by the retention of a lien on the face of the deed," and "that the deed was to be made directly to Martin." That McGavock had no authority from complainant to release this lien, and that his conveyance of the land to R. C. McNairy & Co., without retaining a lien for the payment of said notes, operated as a release to complainant, and was a fraud upon his rights.

To obviate the objection that he could not come into equity after failing to defend at law, the complainant says: "He employed an attorney who plead for him, and after issue had been joined therein your orator was promised by said Whitworth's attorney that he should have time to defend" until the next term, and was surprised by the rendition of the judgment. No evidence has been introduced to sustain this allegation of the bill, and it is abandoned by the complainant's counsel. It is insisted, however, that the defense relied on is purely of equitable cognizance, and such as may be made in this court either before or after judgment.

The gravamen of the bill is, it will be noticed, that there was an express agreement and understanding between complainant, McGavock and Martin, that the first note should be paid by accounts and the last two secured by a lien on the land, and that the deed should be made by McGavock to Martin. The complainant has executed a formal release to Martin with a view to remove his incompetency on the score of interest, and has introduced him as a witness. His evidence distinctly negatives the existence of any such agreement or understanding so far as he was concerned, and does not show that complainant ever even had an interview on the subject with McGavock. It is strongly pursuasive, if not conclusive of the fact that complainant became the accommodation endorser of the witness at his, the witness, request, without any understanding or agreement whatever. It distinctly proves, moreover, that McGavock made the deed to McNairy & Co. at the witness' instance, and without the least intention of doing wrong to any one. There is no other proof of the supposed agreement and understanding upon which the bill is based, and it would seem to follow necessarily that the bill must be dismissed with costs.

But the able counsel for the complainant has changed his base from the case as made by the bill, and insists that the contract of purchase between McGavock and Martin must be considered as made according to the printed terms of the advertisement, which, as we have seen, stipulated for the retention of a lien on the land for the security of the notes, and that the complainant was entitled to the benefit of this lien, and that the subsequent act of McGavock in making the deed without retaining the lien operated as a release to him, or as a fraud upon him for which equity would relieve. Conceding for the purpose of argument that the complainant can go outside of his bill, it is obvious that the defense relied on turns entirely upon the fact that there was a valid contract upon the terms of the advertisement as soon as the land was struck off to Martin, and that this was the contract under which the notes were taken. To constitute such a

valid contract there must have been a memorandum of the sale in writing. The auctioneer's notes or memoranda, in connection with the printed advertisement, might be sufficient for the purpose. But the complainant has wholly failed to show any such valid contract. The only legal contract before us is the one evidenced by the deed to McNairy & Co., and that does not correspond with the contract relied on. Moreover, the stipulation in the advertisement was for the benefit of the vendor, and he had the right to waive the stipulation at any time before the contract was carried into execution, with the consent of the only other party to it. The surety could not object unless he had been a party to the contract of sale, and become bound in view of its terms, which not only does not appear here, but is fairly, if not expressly negatived by Martin's testimony.

This conclusion upon the merits renders it unnecessary to consider other questions. The bill must be dismissed with costs.